# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GHANSHYAM OLI,

      Petitioner,

      v.                           Case No. 2:26-cv-02267 KWR-JFR

TODD BLANCHE, *Attorney General of the United States,*
MARKWAYNE MULLIN*, Secretary of the Department*
*of Homeland Security,* ACTING DIRECTOR,
*Immigration and Customs Enforcement, and*
WARDEN, *Otero County Processing Center*,

      Respondents.

## <u>ORDER GRANTING IN PART HABEAS PETITION</u>

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is subject to a final order of removal and has been in detention pending his removal from the country under 8 U.S.C. § 1231 for approximately eight months. Petitioner asserts there is not a significant likelihood of his removal in the reasonably foreseeable future, and he should be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The Court concludes that Petitioner is entitled to release because he is detained without a significant likelihood of removal in the reasonably foreseeable future in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). Therefore, having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is well-taken and therefore is **GRANTED in part.** The Court orders Respondents to immediately release Petitioner.

## BACKGROUND

Petitioner is a citizen of Nepal. He is in ICE detention at the Otero County Processing Center in New Mexico. He entered the United States on July 6, 2024.  He has been detained since then. On April 15, 2025, he was ordered removed to Nepal.  On April 28, 2025, Petitioner appealed his removal order.  On September 3, 2025, the BIA remanded the case to the immigration judge. On November 4, 2025, Petitioner was granted withholding of removal to Nepal and ordered removed. Both parties reserved appeal, and therefore an appeal was due on December 4, 2025. No appeal was filed. Therefore, the removal order became final no later than December 5, 2025. *See also* Doc. 6-8 at 1.

Petitioner asserts in part that his detention violates *Zadvydas*. Petitioner appears to assert that his removal is not significantly likely in the reasonably foreseeable future. The removal order became final in December 2025.  He asserts that he cannot be removed to Nepal due to an order withholding removal.  Doc. 1 at 11. He also asserts that he has not been accepted by a third country and Respondents have not identified a third country which may be willing to accept him.

Respondents oppose relief and attach a Declaration to their response. Respondents do not identify any steps taken to remove Petitioner.  They assert that they will attempt to locate a third country, but they do not assert they have identified any third country willing to accept Petitioner. Moreover, they assert that the timeline to remove Petitioner is unknown.

### LEGAL STANDARD

Petitioner seeks release from detention under a habeas statute, 28 U.S.C. § 2241. The Constitution guarantees that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. §

2

2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

### DISCUSSION

Petitioner asserts that his removal from the country is not significantly likely in the reasonably foreseeable future in violation of *Zadvydas*. Petitioner made an initial showing that his removal was not significantly likely in the reasonably foreseeable future. As explained below, the burden shifted to Respondents to show that his removal is significantly likely in the reasonably foreseeable future. Respondents failed to make such a showing, and therefore Petitioner is entitled to immediate release under *Zadvydas*.

An immigration detainee "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas relief. 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678 (2001). Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). The removal period begins when the removal order "becomes administratively final." *Id.* § 1231(a)(1)(B)(i).

Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *Zadvydas*, 533 U.S. at 699. Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

Here, Petitioner's removal order became final in December 2025, when the period to appeal the removal order expired. 8 C.F.R. § 1241.1.

Petitioner provided good reason to believe that there is not a significant likelihood of removal in the reasonably foreseeable future. Petitioner's order of removal became final in December 2025.  He asserts that the immigration judge withheld removal to Nepal.  Moreover, he also asserts that he has not been accepted by a third country and Respondents have not identified a third country which may be willing to accept him. Thus, Petitioner has shown good reason to believe there is not a significant likelihood of removal in the reasonably foreseeable future.

After a petitioner has shown that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the respondents to rebut the showing. *Zadvydas*, 533 U.S. at 701. Respondents must provide "evidence" in rebuttal. *See id.*

Respondents oppose relief and attach a Declaration to their response. Respondents do not identify any steps taken to remove Petitioner.  They assert that they will attempt to locate a third country, but they admit they have not identified any third country willing to accept Petitioner. Moreover, they admit that the timeline to remove Petitioner is unknown. They have also not pointed to any travel document, scheduled deportation, or anything else to suggest that removal is significantly likely in the reasonably foreseeable future.

Therefore, for the reasons stated herein, the Court concludes that Respondents have not established that there is a significant likelihood of removal in the reasonably foreseeable future.

## CONCLUSION

As explained above, the Court concludes that Petitioner is entitled to release under *Zadvydas*, as he has been detained for approximately eight months without a significant likelihood

of removal in the reasonably foreseeable future. Therefore, Petitioner shall be immediately released under appropriate conditions of supervision. The Court will enter a separate judgment.

**IT IS THEREFORE ORDERED** that Petitioners' Petition (Doc. 1) is hereby **GRANTED in part** for the reasons described in this Order.

**IT IS FURTHER ORDERED** that Respondents shall immediately release Petitioner with appropriate conditions of supervision.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

5